UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER SWINT, *Pro Se*, | ) | Case No.: 5: 20 CV 539 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CANTON LAW DEPARTMENT, *et al.*, | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendant | ) | AND ORDER |

**Background**

*Pro Se* Plaintiff Alexander Swint has filed *an informa pauperis* civil rights complaint against the Canton Police Department, Canton Law Director Kristen Bates-Axlward, and Canton City Prosecutor Jason P. Reese. (Doc. No. 1.) His complaint pertains to his 2018 traffic conviction in Canton Municipal Court in *State of Ohio v. Swint*, Case No. 2018 TRC 1737. (*See id*. at 1.) The plaintiff was arrested after being pulled over by an Ohio Highway Patrol Trooper in March 2018 and charged with operating a vehicle while impaired, operating his vehicle left of center, and speeding. He entered a no contest-plea in the case, and was convicted of the traffic charges, in July 2018.

The Ohio Court of Appeals upheld the plaintiff's conviction, accepting the trial court's conclusion that there was reasonable suspicion for the stop, and that the testimony of the officer

who pulled him over represented competent, credible evidence that the plaintiff had committed the traffic violations of which he was charged and convicted. *State v. Swint*, No. 2018 CA 00115, 2019 WL 1929984 (Ohio App. April 29, 2019).

In his complaint, the plaintiff alleges that his stop and prosecution in the traffic case were racially motivated. He points out that the state trooper who pulled over him did not use his radar to determine his speed. (Doc. No. 1 at 2.) In addition, he contends he has repeatedly been harassed and targeted by the Canton Law Department and law enforcement over the years and contends multiple "bogus criminal cases" have been brought against him. (*Id*.) He asserts he now believes the 2018 traffic case and prior cases "are hate crimes, done by design against people in poverty, on fix[ed] incomes, with disabilities." (*Id*. at 4.) He seeks $5 million in damages for the "complications of life" he has sustained. (*Id*.)

**Standard of Review**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. In order to survive a dismissal under for failure to state a claim under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face in order to avoid dismissal for failure to state a claim. *Hill v. Lappin,* 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556

U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining motions to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals of *pro se* complaints under 28 U.S.C. § 1915(e)(2)(B)).

**Discussion**

Upon review, the court must dismiss the plaintiff's complaint pursuant to § 1915(e)(2)(B) because even liberally construed, it fails to allege a plausible federal civil rights claim against the defendants under 42 U.S.C. § 1983.

First, the complaint does not set forth allegations attributing specific wrongful conduct to either Canton Law Director Kristen Bates-Axlward or City Prosecutor Jason P. Reese. Where a person is named as a defendant in a complaint without discernible allegations of specific conduct, the complaint is subject to dismissal even under the liberal construction afforded to pro se plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *see also Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (claims under § 1983 "alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right") (emphasis in original); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of *pro se* claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in, or responsible for each alleged federal rights violation).

Further, a prosecutor is absolutely immune from liability in a § 1983 suit for actions taken

3

within the scope of his prosecutorial duties "in initiating and pursuing a criminal prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409 (1976). The plaintiff's complaint does not contain allegations plausibly suggesting that Defendants Bates-Axlward or Reese took any action falling outside of the scope of their prosecutorial duties as Canton Law Director and Prosecutor with respect to any case brought against him; accordingly, they are absolutely immune from his suit.

The complaint likewise does not contain factual allegations sufficient to support a plausible claim against the Canton Law Department. The Law Department itself is not an entity amenable to suit, and in order to hold a municipal government liable under § 1983, a plaintiff must show that an officially executed municipal policy, or the toleration of an unlawful municipal custom, caused the deprivation of his constitutionally protected rights. *Doe v. Claiborne County, Tenn. By and Through Claiborne County Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996), citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978). Although the plaintiff believes he has been harassed and racially targeted in connection with his 2018 traffic case, his own conclusory statements are not sufficient to give rise to a plausible inference that he suffered a constitutional right deprivation, in connection with any case, as the result of an unconstitutional municipal policy or custom. See, e.g. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) ("conclusory allegations of unconstitutional conduct by persons acting under state law" are insufficient to forestall dismissal of § 1983 actions).

Finally, the plaintiff's damage action is not cognizable under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that in order for a plaintiff to recover damages "for allegedly unconstitutional conviction or imprisonment, or for other harm

4

caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." *Id.* at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487. The plaintiff's complaint calls into question the validity of his 2018 traffic conviction, but he has not demonstrated that the conviction has been invalidated or called into question in any of the ways articulated in *Heck*.

**Conclusion**

Accordingly, the Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and for the foregoing reasons, his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of this ruling, his motion for appointment of counsel (Doc. No. 3) is denied as the court does not find that exceptional circumstances exist. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (appointment of counsel in civil cases is warranted only in exceptional cases and is not warranted where a plaintiff's chances of success are extremely slim.).

The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

July 17, 2020